## Bishop's Estate

*J. Edgar Wilkinson* and *Shields, Clark, Brown & McCown,* for exceptants.

*Harry B. Schultz* and *Edward S. Morris,* for Commonwealth.

*Abraham Wernick* and *Joseph Sharfsin,* for City of Philadelphia.

SINKLER, J., June 10, 1938.—"Stocks in a street name", using the parlance of the brokerage business, indicates that the certificate of ownership of the shares in question is registered in the name of a brokerage house and that the assignment thereon endorsed with the delegation of authority to make necessary transfers on the books of the company has been executed, or, again using the language of the brokerage business, that a "loose power" with like effect has been executed. The stock then becomes transferable by delivery and frequently will pass through a number of hands before an actual transfer to the owner is made.

In the present case, upon purchase of the stock the certificate was delivered to the owner's agent in New York

and pledged as security for a loan. Whether the transaction be called a "marginal account" or by any other name, the legal aspect was the delivery of personal property owned by decedent, a resident of Pennsylvania, as security for a loan. The auditing judge has correctly held that the stock in question was her property and subject to the Pennsylvania personal property tax and the county personal property tax.

Another question raised by the exceptions is whether the full value of the shares of stock in question should be the basis of the tax or whether the net value after deduction of the loan. This question has also been correctly determined by the auditing judge. There is no authority under the statutes or otherwise for offsetting against the value of property owned for the purpose of tax the amount of the taxpayer's indebtedness, whether secured by his personal property or not.

The exceptions are dismissed, and the adjudication and supplemental adjudication are confirmed absolutely.